## Lucy Thomas *vs.* John Le Baron.

An administrator, who recovers judgment as such, and levies execution on land, holds the legal estate in the land, to the use of the heirs of his intestate; and if he sells and conveys the same, without having obtained license so to do, the conveyance can be avoided only by those for whose use he was seized thereof; and if they receive the money for which it was sold, they thereby confirm the sale.

Writ of entry to recover possession of about thirty acres of land in Middleborough.   The new trial, which was granted at a former term, (see 8 Met. 355–365,) was had before *Dewey*, J. whose report thereof was as follows:

The demandant claimed, *first*, as heir of Caleb Thomas, and *secondly*, as heir of Elijah Thomas. The demanded estate passed to Caleb Thomas by a deed from Elijah Thomas, dated August 28th 1817, and recorded May 13th 1818. The demandant was the only child of Caleb Thomas.

The tenant relied upon a title acquired under an administrator's deed, viz. a deed from Sylvanus Tillson, administrator of the estate of Caleb Thomas, dated November 5th 1819. A license to make such sale was duly obtained July 16th 1819, and the sale took place September 2d 1819. The tenant connected himself with this title by a deed of conveyance from Zenas Thomas, the purchaser at said sale, and those holding under him. Two objections were taken by the demandant to the validity of this conveyance. 1st. That the sale was invalid, because the proper notices of the time and place of sale were not posted up ; and upon this the jury found in favor of the tenant, and no further question was saved. 2d. That the tenant had not proved the delivery of the deed from the administrator within one year after the granting of the license to sell. And as to this point the demandant·contended that the burden of proof was on the tenant, to show an actual delivery of the deed by the grantor, or possession of it by the grantee within the year ; and that there was no evidence of either. The deed purported, on its face, to have been signed, sealed and delivered within the year. The notes given in payment for the purchase were of the same date as the deed. A witness testified that he received the deed from the hand of the wife of the grantee, two or three years after the date of the license ; the husband being absent at the time. The jury were instructed, that the deed must have been delivered within one year from the time of granting the license, to make the sale an effectual one, and that the burden was on the tenant to show such delivery. They were further instructed, that the date of the execution and delivery of the deed, being on the face of the deed as within one year, and the execution and delivery being duly proved by evidence of the hand writing of the attesting witnesses, and by one of the attesting witnesses

testifying, to show her own hand writing before the jury, and other witnesses testifying to the hand writing of the grantor, and the deed having been found afterwards, as above stated, in the possession of the grantee, and received from his wife ; these facts, with the other evidence in the case, would authorize the jury, in the absence of any evidence to the contrary, to presume the delivery to have been in accordance with the date of the deed, and within the year. If this instruction was erroneous, the court will grant a new trial, if proper.

The demandant further insisted that, if her title as heir of Caleb Thomas was defective, by reason of the administrator's sale aforesaid, she was still entitled to recover, either the whole or one ninth of the demanded premises, upon another source of title. The tenant objected to this second ground, that the demandant, claiming as heir of Caleb Thomas, was estopped to set up title under other sources, but the judge overruled this objection ; the demandant having given early notice of this ground of claim. The demandant then introduced evidence to show that the demanded premises were, on the 9th of July 1821, attached by Sylvanus Tillson, in a suit brought by him against Zenas Thomas ; that this suit was prosecuted to judgment, after said Tillson's death, by Seth Southworth, his administrator ; that the execution which issued on that judgment was levied, on the 13th of September 1822, upon the demanded premises, which were described in the return of the levy as then in the occupation of Elijah Thomas under a life lease, the reversion of which was represented as "the estate of the within named debtor, Zenas Thomas ; " and that said Southworth, on the 11th of September 1823, executed the following deed, which was duly acknowledged and recorded : "Know all men, that I Seth Southworth, as administrator of the estate of Sylvanus Tillson, in consideration of two hundred and forty eight dollars and forty four cents paid to me by Elijah Thomas of Middleborough, do, in my said capacity, release and quitclaim to him, the said Elijah, the reversion of a certain piece of land situate in said Middleborough, being parcel of the said Elijah's homestead, and of which the said Elijah is in possession and has a

life estate, and is the same estate which was set off to me, in my said capacity, by execution, as the estate of Zenas Thomas, on the thirteenth day of September last past ; reference being had to the return of said execution on record for further description of the same ; to have and to hold the premises to the said Elijah, his heirs and assigns forever." The demandant also introduced a copy of the second account of said Southworth's administration on the estate of said Tillson, rendered to and allowed by the court of probate, on the 3d of August 1824, in which said Southworth charged himself with said sum of $248·44, as ' cash received of Elijah Thomas.' The demandant contended that, by force and effect of these proceedings, she was entitled at least to one ninth of the demanded premises ; it being admitted that Elijah Thomas left nine heirs, of whom she was one. She further contended, that if the above deed did not vest any estate in Elijah Thomas, it must, in that event, operate as payment of the amount for which the aforesaid execution was levied on the demanded premises, and as a redemption thereof from the levy ; and that, the levy being discharged, the estate would be wholly in her, as sole heir of Caleb Thomas.

The tenant then offered in evidence a deed, made to him by the administrator of Elijah Thomas, of five acres, parcel of the demanded premises, which, it was admitted by the demandant, was a good answer to so much of her claim under any title acquired by the aforesaid attachment, levy and deed.

Elijah Thomas continued to live on the demanded premises until his death in 1829.

The title under said Elijah on the foregoing evidence, and the effect of his deed from Southworth, being purely a question of law, was withdrawn from the jury by consent of both parties, and the question arising thereon is wholly submitted to the court, who will determine the effect thereof, and whether by law the demandant is entitled to recover any portion of the demanded premises, upon this evidence. If so, judgment will be entered accordingly ; otherwise, judgment will be entered for the tenant, unless, upon the other question reserved, a new trial should be ordered.

*Eddy*, for the demandant, waived the exception taken to he instructions of the judge, as to the delivery of the deed from Tillson to Zenas Thomas.

*Coffin*, for the tenant.

WILDE, J.   Upon the facts reported, we are of opinion that the demandant is entitled to recover one undivided ninth part of the demanded premises, as one of the heirs at law of Elijah Thomas, excepting five acres, to which, it is admitted, the tenant has a good title.   The demandant's claim to the whole was disposed of at the trial, and is waived.   The question now is, whether the title of Elijah Thomas was valid, and paramount to that of the tenant.   The objection is, that the deed to him from Seth Southworth, the administrator of Sylvanus Tillson, was void ; he not being licensed to make sale of the said estate, as required by *St.* 1788, *c.* 51, § 3, which was then in force.   But we are of opinion that the tenant cannot avail himself of this objection.   We consider this conveyance as valid, except as against the heirs of Tillson.   The administrator was seized of the estate conveyed, in trust for the widow and heirs of Tillson ; and it would be of no importance to any other person whether the estate were sold, or held in trust for them.   The administrator has accounted for the proceeds of the sale, in the probate court, and no objection has been made by the heirs of Tillson.   The tenant could not be prejudiced by the sale, for it did not deprive him of his right of redemption.   And to him it must be immaterial whether the title passed by the administrator's deed to Elijah Thomas, or still remains the property of the administrator ; for if the deed were void, the tenant would be liable to be ejected by the administrator.   Considering these circumstances, we are of opinion that the deed of the administrator is not void, and could have been avoided only by the heirs ; and they have elected, as they had a right to do, not to avoid, but to confirm it, by acquiescing in the settlement of the account of administration in the probate court, in which they were credited for the purchase money.   And this we consider as equivalent to a deed of confirmation from

them. *Jenison* v. *Hapgood*, 7 Pick. 8. It would be otherwise, if the legal estate had been in the heirs, for in such case the administrator would have no power to sell without obtaining license in compliance with the statute. But as the legal estate was in the administrator, he alone could convey the legal title. The license was required solely for the purpose of binding the heirs, and they alone can take advantage of the omission to procure it. This conclusion is fully supported by the principle laid down in *Fletcher* v. *Stone*, 3 Pick. 250, as to the distinction between void and voidable deeds. By those principles, it seems to us very clear that the deed in question cannot be considered as a void deed, and we are therefore of the opinion that the demandant is entitled to judgment for one ninth part of the premises demanded by her.